IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00687-NYW-NRN

**JANE DOE**, a minor child by and through her guardian and natural parent, **JANE ROE,**

    Plaintiff,

v.

**CHERRY CREEK SCHOOL DISTRICT**;
**KEVIN UHLIG**, in his individual capacity;
and **RYAN SILVA**, in his individual capacity,

    Defendants.

───────────────────────────────────────────

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

───────────────────────────────────────────

Plaintiff Jane Doe, through her attorneys, Laura B. Wolf and Stephen Shaw of Spark Justice Law LLC, respectfully submits the following Reply in Support of Motion for Leave to File Second Amended Complaint, and states as follows.

## ARGUMENT

Defendants do not dispute that Plaintiff's proposed Second Amended Complaint contains new allegations that are based on discovery received between August 19, 2024 and August 28, 2024, just one week before the scheduling order's deadline to amend the pleadings. However, they argue that because the "vast majority" of the proposed amendments are (allegedly) based on information that Plaintiff had earlier, the amendment is improper.

At the outset, Plaintiff would dispute Defendants' list of allegations as to which Plaintiff allegedly had knowledge prior to Defendants' August 19, 2024 responses to

written discovery requests.  ECF No. 67 at 2-3.  For instance, the new allegations at paragraphs 238 through 268 concern the Individual Supervision Management Plan ("ISMP") that was executed in February 2023.  Defendants appear to include large swathes of these allegations in their list of those allegations as to which Plaintiff allegedly had notice significantly in advance of the amendment.  ECF No. 67 at 2-3 (including in this list "238-235 [*sic*], 238-243, 245-249, 252-259, [and] 263-264").  However, this is simply not true.  It was not until August 19, 2024 that Plaintiff first learned that an ISMP had ever been completed, much less its terms or contents.   Thus, out of 53 paragraphs identified by Defendants as being the "vast majority" of new allegations, at least 21 actually are based on discovery received shortly before the deadline to amend.  Further, this list does not include other newly discovered allegations, such as those relating to Mr. Jones's self-report in August 2024, *see* ECF No. 71, or information from Mr. Jones and his father regarding their contacts with Defendants throughout the relevant time period.

  Even where newly added allegations do include information that could have been included earlier, many of these amendments are in response to Defendants' briefing on their motion to dismiss the First Amended Complaint.[1]  For instance, in their reply brief,

---

[1] Plaintiff focuses below on responding to Defendants' written briefing, despite Defendants' repeated claims that Plaintiff was put on notice of such arguments during the conferral process.  Without belaboring the point, Defendants did not provide detailed arguments during their conferral and, in fact, they were not even certain which claims they would be moving to dismiss at the time of the conferral.  Defendants certainly did not go

2

Defendants argued for the first time that the Bear Facts handbook cited throughout the First Amended Complaint did not represent policies of the Board of Education (even though it expressly contains such policies).  ECF No. 65 at 2.  Thus, Defendants challenged (again, for the first time) whether any references to Bear Facts in the Complaint actually reflected official policy.  Accordingly, Plaintiff has added allegations identifying the relevant Board policies in her proposed Second Amended Complaint.  *See, e.g.*, ECF No. 66-2 ¶¶ 38, 111.  As argued in more detail in the Motion, it is proper to amend the pleading in response to motions to dismiss, and doing so now merely serves judicial economy by sparing the Court the need to resolve the pending motion.

Defendants additionally argue (without elaboration) that the proposed amendments do not cure the supposed defects in the First Amended Complaint such that permitting amendment would be futile.  ECF. No. 67 at 4-5.  As argued in the Motion (without acknowledgment or response by Defendants), this Court has previously taken the approach that Rule 12 arguments should be considered in Rule 12 motions, not Rule 15 motions for leave to amend.  *See* ECF No. 66 at 5 (citing *Combs v. Nordstrom, Inc.*, 2022 WL 2865985, at *4 (D. Colo. July 21, 2022) (Neureiter, J.)).

Finally, it is necessary to address Defendants' arguments relating to the new allegations surrounding Mr. Jones's August 2024 self-report of an accusation of sexual assault.  There are two problems here, one procedural and one substantive.

---

point by point.  In sum, Plaintiff learned of Defendants' specific arguments for the first time upon receiving their motion (or, in some cases, upon receiving their reply brief).

Procedurally, it is important to note that Defendants only provided documents regarding this self-report on September 24, 2024. Mr. Jones testified in his August 27, 2024 deposition about the incident, and counsel for Defendants appeared to be aware of the self-report prior to that testimony based on commentary made during the deposition. And yet, no documents relating to this incident were included in Defendants' responses to written discovery (served August 19, 2024), even though such documents unquestionably fell under at least one request for production that was served on Defendants. Defendants similarly did not supplement their production with these documents until approximately one month after the deposition, only days before filing their response to the motion for leave to amend wherein they rely upon those documents to establish the supposed inaccuracy of specific allegations. Defendants make no excuse for why these documents were not produced on the discovery production deadline (much less before the deadline to amend the pleadings). Defendants should not be permitted to withhold documents without good cause, only to present them later if (and only if) Plaintiff somehow discovers the information through other means.

Substantively, Defendants' descriptions of these documents are inaccurate. Most gallingly, Defendants claim that "the District did investigate the allegation, which was entirely baseless." ECF No. 67 at 4. This is simply not true. As those documents show, Defendants interviewed the one student whom Mr. Jones identified as the speaker in the video in question, and that student denied ever having made a video, let alone making the statements. As Mr. Jones destroyed the video immediately after his self report, and as Defendants took no steps to retrieve the video from other CCSD students (two of whom Mr. Jones identified during his self-report), the actual victim was never identified. Without

4

more, these facts establish that Defendants failed to identify the actual victim, not that the allegations were baseless (let alone "entirely baseless"). And insofar as Defendants claim to have conducted an investigation by pointing to two documents – one opening a Title IX complaint and one closing the same complaint on the same day – Mr. Jones testified that he was unaware of any investigation taking place. Of course, had an investigation taken place, he would have been placed on notice of such as the accused, pursuant to Title IX regulations. Opening and closing a Title IX complaint by filling out and e-signing two documents is not the equivalent of conducting an investigation. Even assuming it is, Plaintiff's allegations regarding this incident may have been set forth more clearly had she been provided with responsive discovery in a timely manner; however, Defendants' unsupported description of the events in question are simply untrue.

WHEREFORE, Plaintiff requests that the Court grant her leave to file her Second Amended Complaint.

Respectfully submitted this 11th day of October 2024.

SPARK JUSTICE LAW LLC

*s/ Stephen Shaw*
Laura B. Wolf
Stephen Shaw
3435 S. Inca Street, Suite C-113
Englewood, CO 80110
(303) 802-5390 (t) / (303) 848-3003 (f)
laura@spark-law.com
steve@spark-law.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 11th day of October 2024, I electronically filed the foregoing **REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system and served on the following:

Holly E. Ortiz
Mary B. Gray
SEMPLE, FARRINGTON, EVERALL & CASE, P.C.
1120 Lincoln Street, Suite 1308
Denver, CO 80203
(303) 595-0941
hortiz@semplelaw.com
mgray@semplelaw.com
*Attorneys for Defendants*

                                        *s/ Stephen Shaw*
                                        Stephen Shaw