**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 24-cv-00687-NYW-TPO

JANE DOE, a minor child by and through her guardian and natural parent, JANE ROE,

 Plaintiff,

v.

CHERRY CREEK SCHOOL DISTRICT,
RYAN SILVA, in his individual capacity, and
KEVIN UHLIG, in his individual capacity,

 Defendants.

---

## ORDER ON MOTION TO AMEND

---

  This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint (the "Motion" or "Motion to Amend"). [Doc. 66]. The Court has reviewed the Motion and the related briefing, the applicable case law, and the entire docket. For the reasons set forth herein, the Motion to Amend is respectfully **GRANTED**.

### BACKGROUND

  In this case, Plaintiff Jane Doe ("Plaintiff"), by and through her guardian and natural parent, Jane Roe, alleges that she was sexually assaulted by a fellow student when she was a freshman at Cherry Creek High School. [Doc. 32 at ¶¶ 12, 19–27]. She alleges that she reported the assault to school personnel, but school officials failed to take appropriate action on her report and failed to protect her from her assailant at school. [*Id.* at ¶¶ 28, 40, 64–67, 101–08]. As a result, she brought this lawsuit against the Cherry Creek School District; Ryan Silva, the principal of Cherry Creek High School; and Kevin Uhlig, the assistant principal of Cherry Creek High School (collectively, "Defendants").

[*Id.* at ¶¶ 9–11].  She asserts the following claims:  (1) a violation of Title IX based on an official policy of indifference; (2) a violation of Title IX based on Defendants' deliberate indifference to Plaintiff's report of sexual assault; (3) two equal protection claims under 42 U.S.C. § 1983; and (4) a negligence claim.  [*Id.* at ¶¶ 211–54].

Plaintiff initiated this lawsuit on March 13, 2024 by filing her original Complaint and Jury Demand, [Doc. 1 at 1], and Defendants responded by moving to dismiss Plaintiff's equal protection and negligence claims, [Doc. 26].  After obtaining an extension of time to file an amended pleading, Plaintiff filed her First Amended Complaint and Jury Demand (the "First Amended Complaint") as a matter of right on July 2, 2024.  [Doc. 32].  As a result, the Court denied Defendants' then-pending motion to dismiss as moot.  *See* [Doc. 34].  Defendants then filed another Motion to Dismiss Plaintiff's Third, Fourth and Fifth Claims for Relief in the First Amended Complaint (the "Motion to Dismiss") on July 23, 2024.  [Doc. 38].

Plaintiff filed her Motion to Amend on September 6, 2024, *see* [Doc. 66], which was the deadline for amendment of pleadings set forth in the Scheduling Order, *see* [Doc. 29 at 11].  Plaintiff seeks leave to amend her First Amended Complaint to include new information learned during discovery and to respond to arguments raised in Defendants' Motion to Dismiss and related briefing.  [Doc. 66 at ¶¶ 8–14, 21–22].  Defendants oppose Plaintiff's request to amend, *see* [Doc. 67], and Plaintiff has replied, *see* [Doc. 81].

## LEGAL STANDARDS

If a party moves to amend on or before the deadline to amend pleadings, Rule 15(a) of the Federal Rules of Civil Procedure governs whether to grant the movant leave to amend.  *See Fernandez v. Bridgestone/Firestone, Inc.*, 105 F. Supp. 2d 1194, 1195

(D. Colo. 2000).  Under Rule 15(a), leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotation omitted).

A general presumption exists in favor of allowing a party to amend its pleadings, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), and the non-moving party bears the burden of showing that the proposed amendment is improper*, Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv. Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).  Whether to allow amendment is within the trial court's discretion.  *Burks v. Okla. Publ'g Co.*, 81 F.3d 975, 978–79 (10th Cir. 1996).

## ANALYSIS

### I.     Undue Delay

Defendants first challenge Plaintiff's representations as to when she learned of the information forming the basis for her proposed amendments, arguing that "[t]he vast majority of the proposed amendments are based on information that was known to Plaintiff in or before June 2024, before she filed her Amended Complaint."  [Doc. 67 at 2].  They assert that Plaintiff could have, and should have, included these new allegations in her first amended pleading.  [*Id.* at 3].[1]  The Court construes this as an argument that the

---

[1] Defendants argument is somewhat difficult to track.  Defendants first state that much of the information contained in the new allegations was known to Plaintiff "in or before June 2024."  [Doc. 67 at 2 (emphasis added)].  In support, they list a number of paragraphs "based on information that was known to Plaintiff, at the latest, in June 2023," arguing that some of the information comes from documents "Plaintiff obtained in June 2024."  [*Id.* at 3 (emphasis added)].  Defendants then say that Plaintiff "could and should have included this information in her Amended Complaint, which was filed in July 2023."  [*Id.*

Motion should be denied based on undue delay. *Bylin*, 568 F.3d at 1229.

Plaintiff disputes Defendants' position as to when she learned this new information, asserting that it was not until August 2024 that she learned information supporting some of the new allegations in the proposed Second Amended Complaint. [Doc. 81 at 1–2]. Moreover, she contends that even if some of the allegations are based on information previously known to her, many of the amendments are in direct response to Defendants' Motion to Dismiss. [*Id.* at 2–3].

"Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action." *Minter*, 451 F.3d at 1205. "The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue." *Adperio Network, LLC v. AppSlide, LLC*, No. 16-cv-00776-PAB-MEH, 2017 WL 4407928, at *3 (D. Colo. Mar. 28, 2017), *report and recommendation adopted*, 2017 WL 4404772 (D. Colo. Apr. 17, 2017). Therefore, in assessing whether the plaintiff unduly delayed seeking amendment, courts focus on the explanation for the delay. *Minter*, 451 F.3d at 1206; *see also Sony Music Ent. Espana, S.L. v. Moody II LLC*, No. 23-cv-00885-CNS-SBP, 2024 WL 3936664, at *4 (D. Colo. Aug. 25, 2024) ("Instead of focusing on 'delay' or 'lateness,' courts deciding this issue look to the moving party's explanation of the delay to determine whether the delay is undue." (quotation omitted)). Delay is "undue" if "it will place an unwarranted burden on the Court or become prejudicial to the opposing party." *Great Lakes Ins., S.E. v. Highland W. LLLP*, No. 19-cv-00508-LTB, 2019 WL 11641301, at *4 (D. Colo. Aug. 2, 2019) (quotation omitted).

_____

(emphasis added)]. Plaintiff's First Amended Complaint, however, was filed on July 2, 2024. [Doc. 32]. Due to this uncertainty, the Court assumes that any references to 2023 are typographical errors.

Here, the Court finds that Plaintiff has provided an adequate explanation for any delay in seeking amendment. She represents that some of the amendments are based on information first learned in August 2024, and others are intended to address arguments raised in Defendants' Motion to Dismiss (which was filed on July 23, 2024, [Doc. 38]) and the related briefing (which was completed on August 27, 2024, [Doc. 65]). *See* [Doc. 81 at 2–3]. The Court cannot conclude that Plaintiff meaningfully delayed in seeking amendment mere weeks (or days) after learning of the new information or the completion of the briefing, let alone that any delay was "undue." *See Driscoll v. City & Cnty. of Denver*, No. 21-cv-02866-PAB-NRN, 2023 WL 2261132, at *2 (D. Colo. Feb. 28, 2023) (concluding that a delay of "fewer than six weeks" after learning new information was not undue); *MSC Safety Sols., LLC v. Trivent Safety Consulting, LLC*, No. 19-cv-00938-MEH, 2020 WL 417592, at *2 (D. Colo. Jan. 27, 2020) ("[P]roposed amendments that seek to . . . add additional factual allegations concerning a claim's required elements[] are proper."). To the extent Defendants challenge the veracity of Plaintiff's representations about when she learned certain information, the Court takes the representations of Plaintiff's counsel, as an officer of the Court, as true. *See Holloway v. Arkansas*, 435 U.S. 475, 486 (1978) ("[A]ttorneys are officers of the court, and when they address the judge solemnly upon a matter before the court, their declarations are virtually made under oath." (cleaned up)).

Nor can the Court conclude that the amendment would be unduly prejudicial to Defendants. Although they assert that permitting amendment "serves only to increase Defendants' expenses and wastes judicial resources," [Doc. 67 at 5], the Court respectfully disagrees. While permitting amendment would render Defendants' pending

Motion to Dismiss moot, *see Scott v. Buckner Co.*, 388 F. Supp. 3d 1320, 1324 (D. Colo. 2019), Defendants themselves argue that Plaintiff's proposed amendments do not cure the purported deficiencies they identify in their Motion to Dismiss, *see* [Doc. 67 at 5].  If Defendants believe this is the case, they can likely refile their Motion to Dismiss with only minor revisions.  Nor will granting Plaintiff's Motion delay the progression of this case—discovery is ongoing and is not set to conclude until May 23, 2025, *see* [Doc. 86 at 1], and trial has not been set in this case.  Finally, the Court does not believe that permitting the amendment would waste judicial resources—rather, it will provide a more fulsome view of the case from which the Court can decide any forthcoming renewed motion to dismiss—or even avoid a motion to dismiss.  For these reasons, the Motion to Amend was not unduly delayed.

## II.    Futility

In the alternative, Defendants argue that the proposed amendment would be futile. [Doc. 67 at 4–5].  "A proposed amendment to a complaint is futile if it would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment or a motion to dismiss."  *Midcities Metro. Dist. No. 1 v. U.S. Bank Nat'l Ass'n*, 44 F. Supp. 3d 1062, 1068 (D. Colo. 2014).

Defendants do not develop their futility argument, asserting only that even with the new allegations, Plaintiff's pleading "still fails to set forth factual allegations to support [her] third, fourth and fifth claims for relief."  [Doc. 67 at 5].  Defendants' failure to meaningfully argue this point means that they have not met their burden of showing futility, as the Court will not construct arguments on their behalf.  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  To the extent Defendants attempt to

incorporate arguments from their Motion to Dismiss, *see* [Doc. 67 at 5 (citing [Doc. 38])], this Court generally does not permit the incorporation of arguments from prior filings, and in this case, permitting this practice would violate this Court's page limitations. *See Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 321 F.3d 950, 979 n.14 (10th Cir. 2003) ("This court is under no obligation to consider arguments not fully set forth in a party's . . . brief, including arguments incorporated by reference to prior pleadings or other materials."); *see also* NYW Civ. Practice Standard 10.1(c)(3)(1) (response briefs are limited to 15 pages).[2]    Moreover, this Court and other courts in this District have concluded that futility arguments are more appropriately addressed in robust Rule 12 briefing, rather than in abbreviated arguments asserted in opposition to a motion to amend. *See, e.g.*, *Pollack v. Boulder Cnty.*, No. 17-cv-02444-CMA-NRN, 2019 WL 1292858, at *4 (D. Colo. Mar. 21, 2019) ("The Court finds that these issues would be better and more efficiently addressed after Plaintiff's amended complaint is in place and Defendant has had an opportunity to revise her motion to dismiss to address the revised allegations, if she chooses to file such a motion.").  Because Defendants have not shown that amendment would be futile, the Court will permit the requested amendment, and Defendants' response will be governed by Rule 12 of the Federal Rules of Civil Procedure, as appropriate.

---

[2] Moreover, to the extent Defendants attack some of Plaintiff's new allegations as substantively "inaccurate and patently false," [Doc. 67 at 4], this argument is not appropriately raised in response to a motion to amend (or a motion to dismiss). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[F]or the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true.").

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1)     Plaintiff's Motion for Leave to File Second Amended Complaint [Doc. 66] is

**GRANTED**;

(2)     On or before **November 6, 2024**, Plaintiff shall file a clean copy of her

Second Amended Complaint as a separate docket entry; and

(3)     Defendants' Motion to Dismiss Plaintiff's Third, Fourth and Fifth Claims for

Relief in the First Amendment Complaint [Doc. 38] is **DENIED as moot**.

DATED:  October 25, 2024                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge