IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-000687-NYW-NRN

JANE DOE, a minor child,
by and through her guardian and natural parent, JANE ROE,

    Plaintiffs,

v.

CHERRY CREEK SCHOOL DISTRICT;
RYAN SILVA, in his individual capacity;
and KEVIN UHLIG, in his individual capacity,

    Defendants.

---

## DEFENDANTS' SECOND SET OF WRITTEN DISCOVERY TO PLAINTIFF
---

Cherry Creek School District No. 5 (the "District"), Ryan Silva and Kevin Uhlig (collectively, the "District Defendants"), by and through their undersigned counsel, hereby submit their second set of written discovery requests pursuant to Fed. R. Civ. P. 26(a)(1), as follows:

### INSTRUCTIONS

1. Responses are to be provided in accordance with Federal Rules of Civil Procedure 33, 34, and 36.

2. An answer or other appropriate response must be provided for each interrogatory, request for admission, and request for production.

3. Each answer or response must be as complete and straightforward as the information available permits.

4.  If You do not have any personal knowledge to fully answer an interrogatory or respond to a request, You must make a reasonable and good faith effort to get the information by asking other persons or organizations.

5.  If You object to furnishing any information requested by these interrogatories on the grounds of privilege, work product, or otherwise, Your response should state the existence of the information, document or communication, identify the specific grounds on which Your objection is based and identify the information objected to by furnishing its date, participants (e.g., names of speakers, authors, addressees) and a general description of the nature, rather than the substance, of the purportedly privileged information. If the objected-to information contains relevant non-objectionable matter, You should disclose it.

6.  Your answers to these interrogatories and requests must be verified, dated and signed.

## DEFINITIONS

As used in this document, the following terms are to be understood as defined below:

1. "You and Your" refers to Plaintiff Jane Doe.
2. "District" means Cherry Creek School District No. 5.
3. "You or anyone acting on Your behalf" includes You, Your agents, Jane Roe, Your attorneys, Your accountants, Your investigators, and anyone else acting on Your behalf.
4. "Document" means any writing or recording, as defined in F.R.E. 1001, and includes the original or a copy of handwriting, typewriting, printing, photographing, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, electronic data compilations, social media posts or messages, text

messages, emails, electronic calendars, diary or journal entries, words, pictures, sounds, or symbols, or combinations of them.

5. "Person" includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

6. "Complaint" means Your First Amended Complaint with Jury Demand served on July 2, 2024.

7. "CCHS" means Cherry Creek High School.

8. The "Sexual Assault" refers to the sexual assault perpetrated by John Jones as asserted in paragraphs 20-24 of Your First Amended Complaint.

## INTERROGATORIES

**Interrogatory No. 20:** Identify and describe all conversations You had about Mr. Jones with any individual other than Your attorney from January 2020 to the present. For each conversation, include the date of the conversation, the manner of the conversation (i.e. in-person, telephonic, chat, social media, etc.), the length of the conversation, the reason for the conversation, the identities of all participants in the conversation, and a description of what each participant said in the conversation.

**Interrogatory No. 21:** Identify and describe all conversations Ms. Roe had about Mr. Jones with any individual from January 2020 to the present. For each conversation, include the date of the conversation, the manner of the conversation (i.e. in-person, telephonic, chat, social media, etc.), the length of the conversation, the reason for the conversation, the identities of all participants in the conversation, and a description of what each participant said in the conversation.

**Interrogatory No. 22:** Identify every instance at school after January 9, 2022 when You reported

contact with Mr. Jones to a school staff member, including identifying the staff member to whom the report was made, what You reported, and how the staff member responded.

**Interrogatory No. 23:** Identify all social media accounts You have used since 2018 and the username for each account.

**Interrogatory No. 24:** Identify all social media accounts Ms. Roe has used since 2018 and the username for each account.

**Interrogatory No. 25:** Prior to 1/19/22, identify each and every occasion when You left the CCHS campus prior to the end of the school day during the last period of the day. For each of these occasions, identify all students who accompanied You, including Mr. Jones, identify Your off-campus destination, including any visits to the subject Starbucks, and specify the number of times You returned to the CCHS campus after leaving campus during the last period of the day.

**Interrogatory No. 26:** Identify every step or measure You allege CCSD and/or its staff should have taken after 1/19/22 to support You and/or address Mr. Jones' conduct on 1/19/22.

**Interrogatory No. 27:** Describe in detail the exact route You took to walk from CCHS to Starbucks on 1/19/22 beginning with Your exact location on the CCHS campus.

**Interrogatory No. 28:** Identify every individual You or Mr. Jones talked to, interacted with or passed during Your walk from CCHS to Starbucks on 1/19/22. Include their name, title and contact information and the nature of the interaction, including what was said, how long the interaction took place and where the interaction took place.

**Interrogatory No. 29:** Describe in detail every conversation You had with Mr. Jones on 1/19/22.

**Interrogatory No. 30:** Describe all discussions You had with any individual about transferring from CCHS or enrolling in a school other than CCHS from January 1, 2021 through September 1,

2022.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**Request for Production No. 15:** Produce all communications You had with any individual other than Your attorney about Mr. Jones, including without limitation all emails, text messages, voice mails, social media posts, and direct messages from January 2020 to the present.

**Request for Production No. 16:** Produce all communications that Ms. Roe had with any individual about Mr. Jones, including without limitation all emails, text messages, voice mails, social media posts, and direct messages from January 2020 to the present.

**Request for Production No. 17:** Produce all communications You or Ms. Roe had with any school or school district other than the District or CCHS, including without limitation Valor Christian High School and Regis Jesuit High School, from January 1, 2020 to September 1, 2022.

**Request for Production No. 18:** Produce all disciplinary and academic records from any school other than CCHS that You have attended since August 1, 2022.

SEMPLE, FARRINGTON, EVERALL & CASE, P.C.

By: *s/ Holly E. Ortiz*
    Mary B. Gray
    Holly E. Ortiz
    1120 Lincoln Street, Suite 1308
    Denver, CO 80203
    (303) 595-0941
    mgray@semplelaw.com
    hortiz@semplelaw.com

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 11th day of November, 2024, a correct copy of the foregoing **DEFENDANTS' SECOND SET OF WRITTEN DISCOVERY TO PLAINTIFF** were served via email on the following:

Laura B. Wolf
Stephen Shaw
Spark Justice Law LLC
3435 S. Inca Street, Suite C-113
Englewood, CO 80110
laura@spark-law.com
steve@spark-law.com

*Attorneys for Plaintiffs*

                By: *s/Holly Ortiz*