IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00687-NYW-TPO

**JANE DOE**,

    Plaintiff,

v.

**CHERRY CREEK SCHOOL DISTRICT**;
**KEVIN UHLIG**, in his individual capacity;
and **RYAN SILVA**, in his individual capacity,

    Defendants.

---

## MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

---

Plaintiff Jane Doe, through her undersigned attorneys, respectfully submits the following Motion for Leave to File Third Amended Complaint, and states as follows.

### STATEMENT OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel conferred with counsel for Defendants regarding this Motion. Defendants oppose the requested leave to file.

### FACTUAL BACKGROUND

1. Plaintiff filed this lawsuit on March 13, 2024.

2. Defendants filed their partial motion to dismiss the original Complaint and their Answer on May 28, 2024.

3. On July 2, 2024, Plaintiff filed her First Amended Complaint as a matter of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).

4. On July 23, 2024, Defendants filed their partial motion to dismiss the First Amended Complaint and their Answer to the First Amended Complaint.

5. On September 6, 2024, before the amendment of pleadings deadline had passed, Plaintiff filed a Motion for Leave to File Second Amended Complaint (ECF No. 66).

6. As detailed in depth in that Motion for Leave, Plaintiff had uncovered pertinent information in discovery in August 2024 to include in her complaint. See ECF No. 66 at 2-3. Moreover, Plaintiff properly addressed issues raised by Defendants' July 23, 2024 Motion to Dismiss in her Second Amended Complaint. *Id*. at 4-5.

7. On October 25, 2024, the Court granted Plaintiff's Motion for Leave to File a Second Amended Complaint. ECF No. 89. The Court's analysis and holding largely guide the analysis herein.

8. The Court found that the September 2024 amendment was not unduly delayed because the amendments included information learned in August 2024 through discovery and also addressed arguments raised in Defendants' Motion to Dismiss briefing from July through August 2024. *Id*. at 4-5. The Court also rejected the Defendants' argument that amendment was futile. *Id*. at 6-7.

9. On November 15, 2024, Defendants filed a Partial Motion to Dismiss. ECF No. 113. Plaintiff filed her response on December 6, 2024. ECF No. 129. And Defendants replied on December 19, 2024. ECF No. 133. This motion is still pending.

10. The Parties have been working collaboratively to complete discovery, though they have needed to ask the Court to modify the scheduling order three times since September 2024 because of the time it has taken to obtain discovery responses and to schedule

2

depositions.[1]  See ECF Nos. 83, 145, and 155.  The Court has granted these motions for modification of the scheduling order, finding good cause shown for all motions.  See ECF Nos. 86, 147, and 157.  Currently, the deadline to complete discovery is August 8, 2025.  ECF No. 157.

11.  Since seeking leave to file the Second Amended Complaint ("SAC") in September 2024, Plaintiff has diligently been seeking material information through discovery to support her claims, respond to defenses, and refine her legal theories.

12.  Specifically, since seeking leave to file her SAC, Plaintiff has (*inter alia*):

   a. Served three additional sets of written discovery requests to Defendants;

   b. Taken four depositions, including the depositions of both individual Defendants;

   c. Litigated for materials requested in two subpoena duces tecum served on third-party law enforcement agencies, which has included several hearings before the Court and additional briefing on the Motions to Quash (notably, both Motions to Quash are still pending and Plaintiff has yet to receive any materials from one source and only partial production from another);

---

[1] One of these motions did not impact the discovery deadline and instead spoke only to the right to supplement expert disclosures.  ECF No. 145.

3

  d. Served a Fed. R. Civ. P. 30(b)(6) notice on Defendant Cherry Creek School District ("CCSD") and engaged in extensive conferral with Defendants regarding the topics therein;[2] and

  e. Has been developing expert reports with three separate experts.

13. Moreover, there is currently a hearing set in this matter to discuss various matters the Parties have raised to the Court, including: disputes on Plaintiff's Rule 30(b)(6) topics; Plaintiff's Motion for Protective Order (ECF No. 117); the Non-Parties' Motions to Quash (ECF Nos. 69 and 90); and several discovery disputes. *See* ECF No. 149.

14. In sum, Plaintiff has been diligent in conducting discovery on various fronts but has encountered delays in gathering information as is typical in litigation related to witness availability, deposition scheduling, motions practice, schedules of the Parties and Court in resolving disputes, and so forth.

15. Through the discovery responses and depositions, Plaintiff has become aware of multiple and crucial additional facts that are relevant to her claims and that directly address the arguments raised by Defendants in their November 15, 2024 Partial Motion to Dismiss.

16. These and other new factual allegations are included in the proposed Third Amended Complaint, which is attached to this Motion as **Exhibit 1**. Attached to this Motion as **Exhibit 2** is a redline reflecting the changes between the Second Amended Complaint and the proposed Third Amended Complaint ("TAC").

---

[2] The Parties jointly contacted the Court regarding disputes on the Rule 30(b)(6) deposition topics on January 23, 2025. The dispute has been set for hearing to take place on March 18, 2025. *See* ECF No. 149.

4

17.     Plaintiff has uncovered more material facts bolstering her claims that CCSD had substantial control over Mr. Jones when he was off campus at the time the sexual assault took place (*see* **Ex. 2** at ¶¶ 31-42, 189, 234-235) – a fact that Defendants challenge in their Motion to Dismiss.  *See* ECF No. 113 at 12-13 ("Here, neither Silva nor Uhlig had the authority to exercise any control over what occurred in a Starbucks restroom.  Nor did they have authority to control Jones' off-campus conduct").

18.     Plaintiff also seeks to add allegations regarding a set of CCSD policies applicable at the relevant time that required CCSD officials, including the individual Defendants, to investigate all reports of sexual harassment notwithstanding any law enforcement involvement.  *See* **Ex. 2** at ¶¶ 45-73.  The proposed amendments also include information from the four depositions establishing that Defendants failed to conduct such investigation despite being subject to these policies.  *See id.* at ¶ 63.

19.     Plaintiff's Proposed TAC also includes additional allegations regarding the failure of Defendants to provide supportive measures to Ms. Doe, in violation of Title IX, and pursuant to the policies and practices of Defendants CCSD.  *See* **Ex. 2** at ¶¶ 64-73, 150. And the new allegations in the TAC include facts uncovered recently that CCSD officials regularly conduct threat assessments in response to physical threats of a nonsexual nature but do not conduct threat assessments in response to allegations of student-on-student sexual assault.  *Id.* at ¶¶ 79-84, 244.

20.     The TAC includes allegations with new information regarding Defendants' failures to discipline Mr. Jones for the sexual assault of Ms. Doe or to take other remedial measures despite the availability of such.  *Id.* at ¶¶ 39, 189, 216-250, 521.

5

21. The amendments in the TAC also include information gathered regarding Defendant CCSD's failure to adequately train its officials regarding their responses to sexual assault reports. *Id.* at ¶¶ 85-115. The TAC includes new allegations showing that because all or nearly all reports of sexual assault at Cherry Creek High School are made by or on behalf of female students, the systematic failure to train and deficient practices of CCSD officials discriminatorily impacted female students. *Id.* at ¶¶ 85-115, 214, 346-347, 439-41, 447, 455. Moreover, the amendments include information learned in depositions that the individual Defendants were unaware of a single instance where a student has been subject to emergency removal from the educational environment for a sexual assault or where a student was expelled for a sexual assault for over 16 years. *Id.* at ¶¶ 259-60.

22. The TAC also includes information recently discovered that all substantive decisions about responses to sexual assaults are taken after conferral with CCSD legal counsel to ensure consistency with district practice and custom. *Id.* at ¶¶ 250. In turn, the actions taken in this case and the testimony about conduct generally are reflective of the custom, practice, or policy of CCSD as a whole, speaking directly to municipal liability.

23. Plaintiff's Proposed TAC does not add new claims; instead, the new information discovered strengthens Plaintiff's existing claims, including her claim against Defendant CCSD for its policy of indifference (*see* **Ex. 2** at ¶¶ 495-499), her claim against Defendant CCSD for its deliberate indifference to Ms. Doe specifically (*id.* at ¶¶ 501-506), her Equal Protection claim against Defendant CCSD for its systematic failure to train and to respond to reports of sexual harassment and assault raised by female students (*id.* at ¶¶ 508-

6

526), and her Equal Protection claim against Defendants Silva and Uhlig for their deliberate indifference (*id*. at ¶ 521)

## **ARGUMENT**

24. Fed. R. Civ. P. 15(a) states that leave to amend should be "freely given when justice so requires." A party seeking leave to amend after the pleading deadline has passed must also "demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4)." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

> The decision to allow an amendment is within the sound discretion of the court. The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment. In exercising its discretion, the court must be mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities. The Tenth Circuit acknowledged that Rule 15 is intended to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'

*Anderson v. PAR Elec. Contractors, Inc.*, 318 F.R.D. 640, 642 (D. Kan. 2017) (quoting *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982); all other internal quotations and citations omitted).

25. Plaintiff's Proposed TAC is timely. The amendments in the TAC reflect information gathered since Plaintiff's SAC was filed in September 2024 through her discovery requests and depositions in this matter, particularly through discovery conducted in January 2025 available through deposition transcripts made available in February 2025. In particular, after some difficulty getting depositions scheduled and having to delay their

7

setting until January 2025 (*see* ECF No. 145), Plaintiff received the last of all four deposition transcripts on February 9, 2025. Upon receiving the transcripts, the undersigned began diligently working to supplement her SAC as appropriate.[3]

26.    The Defendants are not prejudiced by amendment. The information that Plaintiff has recently acquired and seeks to include in her TAC is information that the Defendants have had and been aware of throughout this litigation. Thus, Defendants should not be surprised by any of the additional information therein. Moreover, Plaintiff has not sought to add any additional claims to her SAC, but instead merely updates her complaint to ensure that she is able to present all of her arguments and the relevant facts she is learning at any potential trial. If anything, amending now increases judicial efficiency insofar as the majority of the new allegations address purported pleading deficiencies raised by Defendants in their Partial Motion to Dismiss; because pleading deficiencies could result only in a dismissal without prejudice, amending now meets the overriding interests of Fed. R. Civ. P. 1, in addition to the elements of Fed. R. Civ. P. 15(a). *See, e.g.*, ECF No. 89 at 6 ("Finally, the Court does not believe that permitting the amendment would waste judicial resources–rather, it will provide a more fulsome view of the case

---

[3] Notably, the Parties had scheduled a mediation in this matter for March 11, 2025 in hopes of reaching a resolution in this case. *See* ECF No. 168 at 2. Plaintiff sent the redlined TAC on March 8, 2025 to Defendants as part of her conferral on this Motion, but held off on filing this Motion and the Proposed TAC until after mediation in case the Parties were able to reach resolution.

8

from which the Court can decide any forthcoming renewed motion to dismiss–or even avoid a motion to dismiss.").[4]

27. The Proposed TAC is not futile. Defendants' Motion to Dismiss the SAC is still pending and permitting amendment at this time would serve judicial efficiency as the amended allegations now made possible by additional discovery render Defendants' Motion to Dismiss moot as to their arguments regarding the First, Third, and Fourth claims for relief (with the exception, perhaps, of arguments as to the clearly-established element of qualified immunity).

28. Specifically, Defendants have argued that the First Claim should be dismissed because "Doe fails to plead facts showing that the District had a policy or custom of deliberate indifference to sexual assault." ECF No. 113 at 7. But the TAC bolsters this claim, including by adding newly discovered information regarding Defendant CCSD's failures to train on and failure to investigate reports of sexual assault (including systemic failure to follow policies and procedures outside of Title IX policies, thereby leaving victims of sexual assault without adequate protections). See **Ex. 2** at ¶¶ 85-115; *and see id.* at ¶¶ 439-455.

29. Defendants have also argued that Plaintiff's Third Claim should be dismissed because "Doe does not plead any factual allegations showing that Uhlig or Silva had final policymaking authority with respect to student-on-student harassment or sexual

---

[4] Insofar as Defendants continue to raise arguments as to whether certain claims can move forward as a matter of law – such as the Fifth Claim for Relief – Defendants can simply re-file the same arguments in their current Partial Motion to Dismiss in responding to the TAC. *See* ECF No. 89 at 5-6. Meanwhile, Plaintiff believes the amendments would moot the arguments to dismiss Claims 1, 3, and 4, as detailed further herein.

assaults," and "Doe does not identify any official District policy [of deliberate indifference or discriminatory conduct]." ECF No. 113 at 10. The TAC contains new allegations stemming from the depositions of the individual Defendants and their designee, Dean Devitt, that show they were final policymakers as to whether Mr. Jones was recommended for expulsion (Ex. 2 at ¶¶ 266), that Defendant Silva was personally involved in addressing Ms. Doe's report and approved/ratified all disciplinary decisions as to Mr. Jones (*id*. at ¶¶ 40, 92, 375), that Defendant Silva had authority over discipline and CCSD policies allowed him to delegate that authority to Defendant Uhlig, which he did (*id*. at ¶¶ 40, 217-223), and that Defendant Uhlig made and supported the decision not to investigate Ms. Doe's report of sexual assault (*id*. at ¶¶ 93-95).

30. Because Plaintiff's proposed TAC is not dilatory, presents no prejudice to Defendants, and it is not futile on its face, this Court should freely give leave to Plaintiff to amend.

WHEREFORE, Plaintiff requests that the Court grant her leave to file her Third Amended Complaint.

Respectfully submitted this 11th day of March 2025.

Case No. 1:24-cv-00687-NYW-TPO   Document 171   filed 03/11/25   USDC Colorado
pg 11 of 11

SPARK JUSTICE LAW LLC

<u>s/ Laura B. Wolf</u>
Laura B. Wolf
Stephen Shaw
3435 S. Inca Street, Suite C-113
Englewood, CO 80110
(303) 802-5390 (t) / (303) 848-3003 (f)
laura@spark-law.com
steve@spark-law.com

ALR Civil Rights LLC
Aurora L. Randolph
9878 W. Belleview Ave., Suite 2129
Denver, CO 80123
(303) 968-1703 (t)
aurora@alrcivilrights.com

*Attorneys for Plaintiff*