IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Timothy P. O'Hara**

Civil Action: 24-cv-00687-NYW-TPO  Date: March 18, 2025
Courtroom Deputy: Jesse Torres  FTR – Courtroom C-402

*Parties:*  *Counsel:*

JANE DOE,  Laura Wolf
 Aurora Randolph
 Stephen Shaw (by video
 teleconference)

  Plaintiff,

v.

CHERRY CREEK SCHOOL DISTRICT,  Holly Ortiz
RYAN SILVA, and  Mary Gray
KEVIN UHLIG,

  Defendants,

JOHN KELLNER (18th Judicial District) and  Ann Tomsic
GREENWOOD VILLAGE POLICE DEPARTMENT,  Shannon Chambers-Nelson

  Movants.

## COURTROOM MINUTES

**STATUS/DISCOVERY/MOTION HEARING**

**Court in session: 1:02 p.m.**

Court calls case. Appearances of counsel.

This matter is before the Court for multiple reasons: 1) the discovery dispute identified in the joint Discovery Dispute Statement submitted via e-mail by the Parties to this Court's chambers, 2) the status of the case, and 3) multiple pending motions:
- Non-Parties John Kellner (18th Judicial District) and Greenwood Village Police Department's Motions to Quash [ECF 69 and 90];
- Plaintiff's Motion for Protective Order [ECF 117]; and
- Defendants' Motion to File Amended/Supplemental Response in Opposition to Plaintiff's Motion for Protective Order [ECF 160]

Preliminary remarks by the Court.

The Court first addresses Non-Party Greenwood Village Police Department's Motion to Quash [ECF 90]. Arguments by counsel. Significant conferral has occurred and some disclosures have already been made to the Plaintiff pursuant to the subpoena.

The Court addresses Non-Party John Kellner's Motion to Quash [ECF 69]. Arguments by counsel. Counsel for John Kellner makes an oral Motion for an in-camera review of the contested information at issue. Counsel for Plaintiff opposes Mr. Kellner's oral Motion.

Counsel for Plaintiff makes an oral Motion to reduce restriction of ECF 152. Counsel for Non-Party John Kellner partially opposes Plaintiff's oral Motion.

The Court addresses Plaintiff's Motion for Protective Order [ECF 117] and states its preliminary observations. Arguments by counsel. The Court reserves ruling and will issue a written order ruling on the Motion in due course.

**Court in recess: 3:36 p.m.**

**Court in session: 3:47 p.m.**

The Court addresses Defendants' Motion to File Amended/Supplemental Response in Opposition to Plaintiff's Motion for Protective Order [ECF 160]. Counsel for Plaintiff requests leave to file a reply to Defendants' supplemental response if the Court grants Defendants' Motion.

The Court addresses the discovery disputes set forth in the Parties' Joint Discovery Dispute Statement. Arguments by counsel.

For the reasons stated on the record, it is:

**ORDERED:** Non-Party Greenwood Village Police Department's Motion to Quash [ECF 90] is **GRANTED IN PART AND DENIED IN PART.** The Motion is **denied** as it relates to the information sought by Plaintiff that has already been disclosed and as to all e-mails relating to relevant case names requested by Plaintiff (approximately 229 items - as identified on the record as the "Case Name Batch"). The Motion is **granted** as it relates to all other information sought by Plaintiff's subpoena that has not already been disclosed by the Greenwood Village Police Department, including a group of approximately 1,100 items identified on the record as the "Uhlig Batch"). Non-Party Greenwood Village Police Department is directed to complete its disclosure of information responsive to Plaintiff's subpoena, including appropriate redactions, on or before **May 5, 2025.**

For good cause shown, Plaintiff's oral Motion to reduce restriction of ECF 152 is **GRANTED IN PART AND DENIED IN PART.** The oral Motion

is **granted** as it relates to ECF 152, 152-2, 152-3, and 152-4. Accordingly, the Clerk of Court is directed to re-file ECF 152-2 as a public attachment to ECF 151. The Clerk of Court shall also place ECF 152, 152-3, and 152-4 under Level 1 restriction, viewable to the Parties. Plaintiff's oral Motion is **denied** as it relates to ECF 152-1. The Clerk of Court is directed to maintain ECF 152-1 under Level 3 restriction until further order of the Court.

For good cause shown, Non-Party John Kellner's oral Motion for an in-camera review of the contested information at issue is **GRANTED.** The Court admits the materials provided by the 18th Judicial District at today's proceedings and will conduct an in-camera review in due course. The Court will return the materials to the 18th Judicial District after it concludes its in-camera review.

Non-Party John Kellner's Motion to Quash [ECF 69] is **TAKEN UNDER ADVISEMENT.** The Court will issue a written order ruling on the Motion after it conducts its in-camera review of the materials provided by the 18th Judicial District.

For good cause shown, Defendants' Motion to File Amended/Supplemental Response in Opposition to Plaintiff's Motion for Protective Order [ECF 160] is **GRANTED.** The Court accepts ECF 160-1 as the Supplemental Response and ECF 160-2 and 160-3 as Exhibits to the Supplemental Response. These filings will remain under a Level 1 restriction, viewable to the Parties. Plaintiff shall file any reply to Defendants' supplemental response on or before **March 25, 2025.**

Regarding Plaintiff's Motion for a Protective Order [ECF 117], the matter is **TAKEN UNDER ADVISEMENT**. The Court will issue a written order in due course, but not before March 25, 2025, the date the Plaintiff's optional reply is due.

Regarding Plaintiff's Fed. R. Civ. P. 30(b)(6) Notice, Defendants' objections are **OVERRULED IN PART AND SUSTAINED IN PART.** All matters listed in the notice without objection (1, 3, 6, 12, 14-15, 17-19, 21-27, 30-32, 34, and 36) may remain as topics for the Plaintiff's subsequent 30(b)(6) Notice. Defendants' objections are **overruled** as they relate to Matter 29. The Court finds that Matter 29 is fairly written and may move forward as one of the issues the Fed. R. Civ. P. 30(b)(6) witness should prepare to discuss. Defendants' objections are **sustained** as they relate to all other contested Matters, and the Court advises the parties to refer to the Court's comments regarding the specific matters addressed during the hearing. On or before **April 8, 2025,** the Parties are directed to meaningfully confer (by telephone or in person, not by e-mail), and also by **April 8, 2025**, Defendants shall inform Plaintiff of the Matters from the 30(b)(6) Notice

that can be deemed conceded based on deposition testimony given previously.

Defendants' request to compel a complete response to their Request for Production ("RFP") No. 14 is **DENIED.** On or before **April 8, 2025,** counsel for Plaintiff is directed to produce all discoverable medical and mental health records in its possession to Defendants with an updated privilege log regarding those records that are not disclosed. If, after further conferral, a dispute remains about outstanding, discoverable information under Rule 26, defense counsel shall file an appropriate formal motion, as discussed on the record.

Plaintiff's objection to Defendants' claim of attorney-client privilege as to business advice is **OVERRULED.** The Parties are directed to confer further on this matter, and Plaintiff may issue additional written discovery requests regarding this issue, as discussed on the record.

Defendants' objection to Plaintiff's RFP No. 12 is **SUSTAINED,** and Plaintiff's objection to Defendants' blanket objection to RFP No. 12 is **OVERRULED.** Plaintiff may make a reasonable request for a list of relevant cases that CCSD has been involved in and shall be prepared to support any request for additional cases or class of cases as to how they could potentially lead to relevant evidence. The Parties are directed to meaningfully confer regarding the issue of deposition and trial transcripts in those cases.

Regarding all of the discovery disputes contemplated during today's proceedings (including those regarding Plaintiff's subpoenas), the Court will not require the Parties to resubmit discovery requests. On or before **April 8, 2025,** all stakeholders shall disclose the information responsive to the outstanding discovery requests/subpoenas, keeping in mind the Court's orders from these proceedings.

HEARING CONCLUDED.

**Court in recess: 5:29 p.m.**
Total time in court: 04:16

To order transcripts of hearings, please contact either Patterson Transcription Company at (303) 755-4536 or AB Litigation Services at (303) 629-8534.