

HOUSE BILL 25-1138

BY REPRESENTATIVE(S) Lukens and Pugliese, Bird, Armagost, Bacon, Boesenecker, Bradley, Caldwell, Duran, English, Espenoza, Froelich, Garcia, Gonzalez R., Hamrick, Hartsook, Jackson, Keltie, Lieder, Lindsay, Lindstedt, Mabrey, Martinez, Mauro, Rutinel, Sirota, Stewart K., Stewart R., Story, Titone, Valdez, Willford, Winter T., Woodrow, McCluskie;
also SENATOR(S) Kirkmeyer and Daugherty, Frizell, Bridges, Bright, Carson, Exum, Lundeen, Michaelson Jenet, Pelton B., Roberts, Rodriguez, Simpson, Weissman, Coleman.

CONCERNING EVIDENTIARY REQUIREMENTS TO PROTECT VICTIMS OF SEXUAL MISCONDUCT IN CIVIL SUITS.

*Be it enacted by the General Assembly of the State of Colorado:*

SECTION 1. In Colorado Revised Statutes, 13-25-138, **amend** (1), (2) introductory portion, (3)(a), and (3)(b); and **add** (1.5) and (3)(a.5) as follows:

**13-25-138. Victim's prior sexual conduct history - evidentiary hearing - victim's identity - protective order.** (1) Evidence of specific instances of the victim's prior or subsequent sexual conduct, opinion

*Capital letters or bold & italic numbers indicate new material added to existing law; dashes through words or numbers indicate deletions from existing law and such material is not part of the act.*

evidence of the victim's sexual conduct, and reputation evidence of the victim's sexual conduct is presumed irrelevant and is not admissible in a civil proceeding involving alleged sexual misconduct except FOR EVIDENCE OF SPECIFIC INSTANCES OF SEXUAL ACTIVITY SHOWING THE SOURCE OR ORIGIN OF SEMEN OR ANY SIMILAR EVIDENCE OF SEXUAL INTERCOURSE OFFERED FOR THE PURPOSE OF SHOWING THAT THE ALLEGED ACT WAS NOT COMMITTED BY THE DEFENDANT.

(a) Evidence of the victim's prior or subsequent sexual conduct with the defendant;

(b) Evidence of specific instances of sexual activity showing the source or origin of semen, pregnancy, disease, or any similar evidence of sexual intercourse offered for the purpose of showing that the act or acts alleged were or were not committed by the defendant.

(1.5) EVIDENCE OF THE VICTIM'S MANNER OF DRESS, HAIRSTYLE, MODE OR MANNER OF SPEECH, OR LIFESTYLE AT THE TIME OF, PRIOR TO, OR SUBSEQUENT TO THE ALLEGED OFFENSE IS NOT ADMISSIBLE AS EVIDENCE OF THE VICTIM'S CONSENT, CREDIBILITY, OR THE EXISTENCE OR EXTENT OF DAMAGES OR HARM.

(2) If a party intends to offer evidence under subsection (1)(a) or (1)(b) PURSUANT TO SUBSECTION (1) OR (1.5) of this section, OR INTRODUCE A WITNESS FROM WHOM THE EVIDENCE IS INTENDED TO BE ELICITED, the party shall:

(3) (a) (I) Before admitting evidence under this section, the court shall conduct an in camera hearing and provide the alleged victim and parties a right to attend and be heard. Unless the court orders otherwise, the motion, related materials, and the hearing record are confidential. A party making a motion under this section shall state in the caption that the motion is confidential. BEFORE ADMITTING EVIDENCE PURSUANT TO THIS SECTION, THE PARTY MAKING A MOTION TO ADMIT THE EVIDENCE SHALL RAISE THE ISSUE AT A CONFERENCE PURSUANT TO RULE 16 OR 16.1 OF THE COLORADO RULES OF CIVIL PROCEDURE. AT THE CONFERENCE, THE MOVING PARTY MUST MAKE A PRIMA FACIE SHOWING THAT THE EVIDENCE IS RELEVANT FOR AN ADMISSIBLE REASON AND THAT DISCOVERY IS LIKELY TO REBUT THE PRESUMPTION AGAINST INADMISSIBILITY. THE COURT SHALL PROVIDE THE OBJECTING PARTY, IF ANY, THE OPPORTUNITY BE HEARD.

(II) THE COURT MAY PERMIT DISCOVERY ONLY IF THE MOVING PARTY MAKES A PRIMA FACIE SHOWING THAT THE EVIDENCE IS RELEVANT FOR AN ADMISSIBLE REASON AND THAT DISCOVERY IS LIKELY TO REBUT THE PRESUMPTION AGAINST INADMISSIBILITY. IF THE COURT PERMITS DISCOVERY, THE COURT SHALL ISSUE A COMPREHENSIVE PROTECTIVE ORDER THAT LIMITS THE SCOPE OF DISCOVERY TO RELEVANT ISSUES AND PROTECTS AGAINST UNWARRANTED, IRRELEVANT, OR OVERLY BROAD DISCOVERY INTO THE ALLEGED VICTIM'S SEXUAL CONDUCT OR HISTORY.

(III) THE COURT MUST ISSUE AN ORDER PROHIBITING DISCOVERY INTO EVIDENCE PRESUMED INADMISSIBLE PURSUANT TO THIS SECTION IF NEITHER PARTY RAISES THE ISSUE AT A CONFERENCE PURSUANT TO RULE 16 OR 16.1 OF THE COLORADO RULES OF CIVIL PROCEDURE OR IF THE MOVING PARTY FAILS TO MAKE A PRIMA FACIE SHOWING THAT THE EVIDENCE IS RELEVANT FOR AN ADMISSIBLE REASON AND THAT DISCOVERY IS LIKELY TO REBUT THE PRESUMPTION AGAINST INADMISSIBILITY.

(a.5) BEFORE ADMITTING EVIDENCE PURSUANT TO THIS SECTION, THE COURT SHALL CONDUCT AN IN CAMERA HEARING AND PROVIDE THE ALLEGED VICTIM THE RIGHT TO ATTEND AND BE HEARD. THE MOTION, RELATED MATERIALS, AND THE HEARING RECORD ARE CONFIDENTIAL. A PARTY MAKING A MOTION PURSUANT TO THIS SECTION SHALL STATE IN THE CAPTION THAT THE MOTION IS CONFIDENTIAL. AFTER THE CONCLUSION OF THE IN CAMERA HEARING, IF A PARTY MAKES A MOTION TO MAKE THE RELATED MATERIALS OR HEARING RECORD PUBLIC, THE PARTY'S MOTION MUST NOT DISCLOSE ANY CONFIDENTIAL INFORMATION.

(b) At the conclusion of the hearing, if the court finds that the evidence proposed to be offered regarding the sexual conduct of the victim is relevant to a material issue to the case AND THAT ITS PROBATIVE VALUE SUBSTANTIALLY OUTWEIGHS THE PROBABILITY THAT ITS ADMISSION WILL CREATE AN UNFAIR PREJUDICE OR INVASION OF PRIVACY, the court shall order that evidence may be introduced and prescribe the nature of the evidence or questions to be permitted. The moving party may then offer evidence pursuant to the order of the court.

**SECTION 2. Effective date - applicability.** This act takes effect July 1, 2025, and applies to proceedings occurring on or after said date.

**SECTION 3. Safety clause.** The general assembly finds,

determines, and declares that this act is necessary for the immediate preservation of the public peace, health, or safety or for appropriations for the support and maintenance of the departments of the state and state institutions.

_____
Julie McCluskie
SPEAKER OF THE HOUSE
OF REPRESENTATIVES

_____
James Rashad Coleman, Sr.
PRESIDENT OF
THE SENATE

_____
Vanessa Reilly
CHIEF CLERK OF THE HOUSE
OF REPRESENTATIVES

_____
Esther van Mourik
SECRETARY OF
THE SENATE

APPROVED Thursday, March 13th 2025 at 3:15pm
(Date and Time)

_____
Jared S. Polis
GOVERNOR OF THE STATE OF COLORADO