IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00687-NYW-NRN

**JANE DOE**, a minor child,
by and through her guardian and natural parent, **JANE ROE,**

    Plaintiff,

v.

**CHERRY CREEK SCHOOL DISTRICT NO. 5**;
**KEVIN UHLIG**, in his individual capacity;
and **RYAN SILVA**, in his individual capacity,

    Defendants.
_____

**DEFENDANTS' PARTIAL OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (DOC. 217)**
_____

Defendants Cherry Creek School District No. 5 (the "District"), Ryan Silva and Kevin Uhlig, by and through their undersigned attorneys, hereby file their Partial Objections to the Magistrate Judge's Order on Plaintiff's Motion for Protective Order (Doc. 217), as follows:

### Conferral

Undersigned counsel certifies that pursuant to D.C.COLO.LCivR 7.1(a), she conferred with Plaintiff's counsel and these objections are opposed.

### Factual Background

Plaintiff Jane Doe alleges she was raped and harassed by her high school classmate, John Jones, in a Starbucks bathroom. Plaintiff alleges Defendants were deliberately indifferent to her sexual harassment report, and to subsequent reports that

Mr. Jones and his friends harassed her following the alleged rape. Plaintiff's claims include a state law tort claim for violation of the Claire Davis School Safety Act ("Claire Davis Act"), in which she asserts that Mr. Jones committed or attempted to commit a felony sexual assault that gives rise to her Claire Davis Act claim. Plaintiff asserts she suffered significant emotional distress, and has experienced anxiety, depression, and post-traumatic stress disorder ("PTSD"), among other things. She also produced a report drafted by one of her mental health providers that was drafted specifically for this case in which the provider stated that she has experienced "hypersexuality" as a trauma response. (Doc. 160-2).

## Procedural History

Plaintiff moved for a protective order prohibiting Defendants from engaging in discovery about her prior sexual conduct or interactions with Mr. Jones or anyone else, and from seeking any discovery into alternative sources of emotional distress. (Doc. 117). Plaintiff asserted that such discovery would violate Fed. R. Evid. 412, which precludes the admissibility of evidence of a sexual assault victim's sexual behavior in some circumstances. Defendants filed a response (Doc. 126), Plaintiff filed a Reply (Doc. 134) Defendants filed a motion to amend their response (Doc. 160), Plaintiff responded (Doc. 165), and Defendants replied (Doc. 167). The Court granted Defendants' motion and allowed the amended response. The Court permitted Plaintiff to file a supplemental reply (Doc. 174).

Ultimately, the Magistrate Judge issued his order granting in part and denying in part Plaintiff's motion for protective order (Doc. 217). The Magistrate Judge held that

2

discovery into Ms. Doe's sexual conduct and history with Mr. Jones is permissible because her Claire Davis Act Claim requires that Plaintiff prove that she did not consent to the encounter with Mr. Jones, so Defendants are permitted to conduct discovery to determine whether or not the encounter was consensual. Defendants do not object to this part of the Magistrate Judge's Order. The Magistrate Judge also determined that Ms. Doe's sexual reputation is not discoverable. Defendants do not object to this part of the Magistrate Judge's Order, either.

The Magistrate Judge granted Plaintiff's motion for protective order regarding discovery into Plaintiff's "non traumatic sexual history with individuals other than Mr. Jones" prior to and after the alleged assault with people other than Mr. Jones. (Doc. 217, p. 9). The Magistrate Judge held Plaintiff's sexual history with individuals other than Mr. Jones are irrelevant to the issue of consent or to Plaintiff's damages. *Id.* The Magistrate Judge also granted Plaintiff's motion for protective order related to Plaintiff's "sexual fantasies" and determined Defendants may not conduct discovery into the same. (Doc. 217, pp. 9-10). Defendants object to these determinations because Plaintiff's fantasies, sexual history, and conduct are indeed related and sufficiently tied to Plaintiff's emotional distress damages, as they pertain to alternative sources of emotional distress and/or the extent of damages and emotional trauma allegedly caused by Defendants in this case.

## Standard of Review

Pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1), a party may file written objections to a magistrate judge's order on a non-dispositive matter if it believes that the order is "clearly erroneous or is contrary to law." Objections should be sustained if the

3

objecting party can show that the "magistrate judge abused his discretion or, if after viewing the record as a whole the Court is left with a definite and firm conviction that a mistake has been made." *S.E.C. v. Nacchio,* 704 F. Supp. 2d 1099, 1108 (D. Colo. 2010) (internal quotations and citations omitted).

## Argument

Fed. R. Civ. P. 26(b) permits discovery into any matter that is nonprivileged and relevant to a party's claims so long as it is proportional to the needs of the case. Discovery is generally permitted if it "appears reasonably calculated to lead to the discovery of admissible evidence." *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 358-59 (D. Colo. 2004) (internal quotations and citations omitted). To determine whether the information sought is permitted by Rule 26, courts look to the specific allegations, claims, and defenses asserted in the case. *Id.* at 359.

### A.   Discovery into Plaintiff's sexual history and conduct before and after the assault and related sexual fantasies is relevant to Defendants' defenses.

The Magistrate Judge held that discovery into Plaintiff's sexual conduct with individuals other than Mr. Jones before and after the assault, and her sexual fantasies, are not sufficiently relevant to the issue of damages to warrant discovery considering the risk of embarrassment to Plaintiff. (Doc. 217, pp. 8-10). However, Plaintiff's assertion of emotional distress damages, particularly *specific* emotional distress damages such as post-traumatic stress disorder, warrant an inquiry about her sexual history that could create an alternate source of emotional distress, or provide information related to the extent of her emotional distress damages, if any.

4

In the Complaint, Plaintiff alleges she experienced "trauma and fear" following the assault, and that the alleged assault, harassment, and deliberate indifference caused her to suffer from "severe anxiety, PTSD, and depression, manifesting in panic attacks, physical sickness, rapid heartbeat, uncontrollable weeping, vomiting, migraines, weight loss, difficulty sleeping, and fainting on more than one occasion." (Compl., ¶68, 333). More significant, however, is the fact that Plaintiff apparently asked her mental health provider to draft a report specifically for this case that outlined Plaintiff's emotional distress, and in that report the provider wrote that Plaintiff experiences "hypersexuality" as a trauma response. Plaintiff has asserted that she will not seek "damages" related to "hypersexuality," but Plaintiff cannot pick and choose which traumas and disorders for which she plans to seek damages, and which she does not. At the very least at this stage, before Defendants have deposed Plaintiff or her providers, it is too early to determine if one trauma response can be separated from another for the purpose of an investigation into her damages, and damages calculations.

It is a fundamental element of the civil justice system that defendants have the right to "defend [themselves] against claims of wrongdoing and damages, and to seek discovery furthering that end." *Ledezma v. Young Life, Inc.,* 2021 WL 2823261, *5 (D. Colo. 2021). In furtherance of that right, when a plaintiff asserts emotional distress damages, she places the cause of those damages squarely at issue and opens the door to discovery into other causes, including prior and subsequent trauma, abuse, harassment, rape, etc., *Id.* at 2021 WL 2823261, *7; *see also Doe v. Bridges to Recovery, LLC,* 2021 WL 4690830 (C.D. Cal 2021). This is particularly so where the plaintiff asserts

a particular harm, including medical diagnoses such as PTSD. *See Simpson,* 220 F.R.D. at 362. Pertinently, an assertion by the plaintiff that she suffered from emotional distress, particularly that which manifested itself as a medical condition, is sufficient to permit a defendant to perform discovery into the alternative sources of emotional distress. *See Simpson,* 220 F.R.D. at 362. The law is clear that even a run-of-the mill emotional distress claim opens the door to discovery about alternate sources of that distress. *Ledezma,* 2021 WL 2823261 at *7.

Here, Plaintiff placed her emotional distress and its root cause squarely at issue and sought and received documentation that evidences that she has experienced various medical conditions and trauma responses, including hypersexuality, following the assault and Defendants' alleged conduct. In light of this information, discovery into Plaintiff's sexual history and conduct is relevant and discoverable, and central to Defendants' defenses.

As noted in the Magistrate Judge's order, when asked at the hearing what undersigned counsel planned to ask about Plaintiff's sexual history, undersigned stated she anticipated asking questions such as "Were you sexually active prior to the assault? How many sexual partners did you have? . . . What types of sexual activity, and . . . did that change after the sexual assault? And if it did, how? Fewer partners? More partners?" (Doc. 271, p. 10). Questions along these lines would allow Defendants to determine what Plaintiff's sexual conduct was like before and after the alleged assault and the alleged deliberate indifference to her complaints and would allow Defendants to determine the validity of Plaintiff's mental health provider's diagnoses and report. Depending on

6

Plaintiff's answers, this line of questioning could also undermine, or support, her provider's findings. Denying Defendants the opportunity to seek discovery related to all of Plaintiff's alleged trauma eliminates their ability to fully defend themselves against Plaintiff's claims.

As to Plaintiff's fantasies, the Mayo Clinic opines that "hypersexuality…is an intense focus on sexual fantasies, urges, or behaviors that can't be controlled." *See https://www.mayoclinic.org/diseases-conditions/compulsive-sexual-behavior/symptoms-causes/syc-20360434.* Thus, discovery related to Plaintiff's fantasies may be needed to determine the cause or extent of her hypersexuality, if any, and whether it stemmed from Defendants' conduct. Given the apparent relationship between fantasies and conduct as related to hypersexuality, denying Defendants the opportunity to seek discovery into these issues would be prejudicial.

The fact that Plaintiff is a minor is not lost on Defendants. However, Plaintiff placed the topic of her sexual history and conduct at issue when she filed this lawsuit seeking emotional distress damages, and specifically when *she disclosed* a report placing her sexual history, conduct, and fantasies at issue. Plaintiff should not be permitted to backtrack now and be exempt from responding to discovery related to her trauma responses, particularly those that she specifically placed at issue.

**B.    An appropriate protective order exists to protect Plaintiff.**

To balance a plaintiff's privacy rights, F.R.E. 412's Advisory Committee Notes advise courts to issue an appropriate protective order under Rule 26 to maintain confidentiality of sensitive information that may be disclosed in the course of discovery.

7

A plaintiff's right to privacy related to a sensitive topic may be protected by issuing an appropriate protective order limiting dissemination of the information at issue. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 30 (1984).

Long before discovery commenced in this case, the Parties agreed to a protective order and filed a motion for its admission. That protective order addresses the dissemination of private or sensitive information and sufficiently covers any information Defendants may discover about Plaintiff's prior sexual history and conduct with Mr. Jones or others. (Doc. 29). It also covers sensitive information that may be discovered about alternative sources of Ms. Doe's emotional distress. *Id.* If Defendants are permitted to seek discovery into Plaintiff's sexual history, conduct, fantasies, etc., as related to her emotional distress damages, Defendants will be bound by the protective order which will appropriately balance Plaintiff's and Defendants' interests.

## Conclusion

Defendants have the right to defend themselves against Plaintiff's claims and damages. To do so, they must be permitted to inquire about her sexual encounters with individuals prior to and subsequent to the alleged assault to determine the extent of the emotional distress damages that she placed at issue. The Magistrate Judge erred in finding there was an insufficient nexus between Plaintiff's sexual history, conduct, and fantasies, and Defendants' needs, and in granting a protective order as to those topics. Therefore, Defendants respectfully request that this Court deny Plaintiff's motion for protective order and permit Defendants to engage in full discovery to determine the extent of Plaintiff's emotional distress damages.

8

Respectfully submitted this 11th day of July, 2025.

        SEMPLE, FARRINGTON, EVERALL & CASE, P.C.

        By: *s/ Mary B. Gray*
        Holly E. Ortiz
        Mary B. Gray
        1120 Lincoln Street, Suite 1308
        Denver, CO 80203 (303) 595-0941
        hortiz@semplelaw.com
        mgray@semplelaw.com


### **CERTIFICATE OF SERVICE**

    I hereby certify that on the 11th day of July, 2025, a correct copy of the foregoing **DEFENDANTS' PARTIAL OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (DOC. 217)** was filed via CM/ECF and served on the following:

    Laura B. Wolf
    Stephen Shaw
    Spark Justice Law LLC
    3435 S. Inca Street, Suite C-113
    Englewood, CO 80110
    laura@spark-law.com
    steve@spark-law.com
    *Attorneys for Plaintiff*

        By: s/ *Kathleen Schmidt*