IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-000687-NYW-NRN

JANE DOE, a minor child,
by and through her guardian and natural parent, JANE ROE,

     Plaintiffs,

v.

CHERRY CREEK SCHOOL DISTRICT;
RYAN SILVA, in his individual capacity;
and KEVIN UHLIG, in his individual capacity,

     Defendants.

---

## DEFENDANTS' FIRST SET OF WRITTEN DISCOVERY TO PLAINTIFF

---

Cherry Creek School District No. 5 (the "District"), Ryan Silva and Kevin Uhlig (collectively the "District Defendants," by and through their undersigned counsel, hereby submit their first set of written discovery requests pursuant to Fed. R. Civ. P. 26(a)(1), as follows:

## INSTRUCTIONS

1. Responses are to be provided in accordance with Federal Rules of Civil Procedure 33, 34, and 36.

2. An answer or other appropriate response must be provided for each interrogatory, request for admission, and request for production.

3. Each answer or response must be as complete and straightforward as the information available permits.

4.      If You do not have any personal knowledge to fully answer an interrogatory or respond to a request, You must make a reasonable and good faith effort to get the information by asking other persons or organizations.

5.      If You object to furnishing any information requested by these interrogatories on the grounds of privilege, work product, or otherwise, Your response should state the existence of the information, document or communication, identify the specific grounds on which Your objection is based and identify the information objected to by furnishing its date, participants (e.g., names of speakers, authors, addressees) and a general description of the nature, rather than the substance, of the purportedly privileged information.  If the objected-to information contains relevant non-objectionable matter, You should disclose it.

6.      Your answers to these interrogatories and requests must be verified, dated and signed.

### DEFINITIONS

As used in this document, the following terms are to be understood as defined below:

1.  "You and Your" refers to Plaintiff Jane Doe.

2.  "District" means Cherry Creek School District No. 5.

3.  "You or anyone acting on Your behalf" includes You, Your agents, Jane Roe, Your attorneys, Your accountants, Your investigators, and anyone else acting on Your behalf.

4.  "Document" means any writing or recording, as defined in F.R.E. 1001, and includes the original or a copy of handwriting, typewriting, printing, photographing, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, electronic data compilations, social media posts or messages, text

2

messages, emails, electronic calendars, diary or journal entries, words, pictures, sounds, or symbols, or combinations of them.

5. "Person" includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

6. "Complaint" means Your First Amended Complaint with Jury Demand served on July 2, 2024.

7. "CCHS" means Cherry Creek High School.

8. The "Sexual Assault" refers to the sexual assault perpetrated by John Jones as asserted in paragraphs 20-24 of Your First Amended Complaint.

## INTERROGATORIES

**Interrogatory No. 1:** State the name, address, telephone number, and relationship to You of each person who prepared or assisted in the preparation of the responses to the written discovery requests served upon You in this case.

**Interrogatory No. 2:** Explain Your relationship with Mr. Jones prior to January 19, 2022. In doing so, describe how You met him, where You met him, the nature of Your relationship with him and Your previous interactions with him, including face-to-face interactions, social media interactions, text message interactions and all verbal interactions. For each interaction described, include the date of each interaction, the nature of the interactions, all witnesses to the interactions and the length of the interactions.

**Interrogatory No. 3:** In paragraph 31, You allege that "Just days after the incident and prior to [Your] report to SRO Jostwick, Mr. Jones approached [You], grabbed [Your] arm and attempted to speak with [You]." Describe this alleged incident in detail, including when it occurred, where it

occurred, how he approached You, where on Your arm Mr. Jones grabbed You, what he said, what You said, who witnessed the incident, and what You did as a result of the incident.

**Interrogatory No. 4:** Describe in detail every interaction You had with Mr. Jones after January 19, 2022. In doing so, explain when each interaction took place; where each interaction took place; the manner of each interaction (i.e. text, in-person, etc.); who was present at each interaction; what, if anything, was said at each interaction; who initiated the interaction; and the purpose for the interaction.

**Interrogatory No. 5:** Describe in detail every interaction You have had with Defendant Ryan Silva. In doing so, include the date of the interaction, where the interaction took place; who was present during the interaction; who initiated the interaction; what was discussed; what the purpose of the interaction was; and what the result of the interaction was.

**Interrogatory No. 6:** Describe in detail every interaction You have had with Defendant Kevin Uhlig. In doing so, include the date of the interaction, where the interaction took place; who was present during the interaction; who initiated the interaction; what was discussed; what the purpose of the interaction was; and what the result of the interaction was.

**Interrogatory No. 7:** Describe in detail every interaction You have had with Dean Kelly Devitt. In doing so, include the date of the interaction, where the interaction took place; who was present during the interaction; who initiated the interaction; what was discussed; what the purpose of the interaction was; and what the result of the interaction was.

**Interrogatory No. 8:** Describe in detail every interaction You have had with any SRO, including SRO Jostwick, at CCHS. In doing so, include the date of the interaction, where the interaction took

4

place; who was present during the interaction; who initiated the interaction; what was discussed; what the purpose of the interaction was; and what the result of the interaction was.

**Interrogatory No. 9:** Describe every interaction Jane Roe had with Mr. Jones or his parents after January 19, 2022 in detail. In doing so, explain when each interaction took place; where each interaction took place; the manner of each interaction (i.e. text, in-person, etc.); who was present at each interaction; what, if anything, was said at each interaction; who initiated the interaction; and the purpose for the interaction.

**Interrogatory No. 10:** Describe in detail every interaction Jane Roe has had with Defendant Ryan Silva. In doing so, include the date of the interaction, where the interaction took place; who was present during the interaction; who initiated the interaction; what was discussed; what the purpose of the interaction was; and what the result of the interaction was.

**Interrogatory No. 11:** Describe in detail every interaction Jane Roe has had with Defendant Kevin Uhlig. In doing so, include the date of the interaction, where the interaction took place; who was present during the interaction; who initiated the interaction; what was discussed; what the purpose of the interaction was; and what the result of the interaction was.

**Interrogatory No. 12:** Describe in detail every interaction Jane Roe has had with Dean Kelly Devitt. In doing so, include the date of the interaction, where the interaction took place; who was present during the interaction; who initiated the interaction; what was discussed; what the purpose of the interaction was; and what the result of the interaction was.

**Interrogatory No. 13:** Describe in detail every interaction Jane Roe has had with any SRO, including SRO Jostwick, at CCHS. In doing so, include the date of the interaction, where the

interaction took place; who was present during the interaction; who initiated the interaction; what was discussed; what the purpose of the interaction was; and what the result of the interaction was.

**Interrogatory No. 14:** In paragraph 53 of the First Amended Complaint, You state that You "feared interacting with Mr. Jones' friends and other CCHS students due to bullying and harassment." Identify each friend or CCHS student to which You refer and each incident in which that person bullied or harassed You. In doing so, include the name of the "friend" or "CCHS student"; the date of each instance of alleged harassment or bullying; where each instance of harassment or bullying took place; all witnesses to each instance of harassment or bullying; what was said or done by the alleged harasser or bully; how You responded to that alleged bully or harasser; to whom, if anyone, You reported each instance of harassment or bullying; when You reported each instance of harassment or bullying; who was present when You reported any incident of harassment or bullying; what You said when You reported the alleged harassment or bullying; and what the response was to Your report.

**Interrogatory No. 15**: In the First Amended Complaint, You repeatedly refer to Mr. Jones as "popular." Describe what You mean by "popular" and the basis for Your assertion that Mr. Jones is "popular."

**Interrogatory No. 16:** Explain the basis for Your assertion in paragraph 65 of the First Amended Complaint, that "Defendants Uhlig and Silva were aware of the risk that Ms. Doe would face bullying, physical abuse and harassment from other students as a result of her report that she had been sexually assaulted by a popular male football player." Include all facts that support Your assertion that Mr. Uhlig and Mr. Silva were aware that You would face bullying; that You would face physical abuse; and that You would face harassment.

6

**Interrogatory No. 17:** Identify and itemize all categories of damages sought for each of Your claims and state the amount of compensation that You seek for each category of damage described therein and the method of computing these damages.

**Interrogatory No. 18:** Describe in detail any physical, emotional, or mental injury that You claim You suffered because of the District's alleged deliberate indifference. For each physical, emotional, or mental injury described, identify by name, address and profession each medical provider who examined and/or treated You for those injuries.

**Interrogatory No. 19:** List all physical, mental, and emotional conditions You have been treated for since September 2016, five years prior to the date You allege Mr. Jones assaulted You, to the present. Include without limitation the nature of the condition for which You received treatment; a description of the treatment; the dates You received treatment; the names, addresses and telephone numbers of all health care providers who treated You; all counseling You received; and all medications prescribed to You, including dosage information.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**Request for Production No. 1:** Provide every document containing, addressing or memorializing in whole or in part:

      a. Any statement or communication referred to in Your First Amended Complaint, and

      b. Any communication between You and any of the individuals that You listed in Your Rule 26(a)(1) or (2) disclosures.

**Request for Production No. 2:** Provide all documents related to the investigation and prosecution of Mr. Jones related to the Sexual Assault, including all court pleadings; all court orders; transcripts

7

of any hearings; any communications with or from the court; any documents related to plea agreements; all documents You, Jane Roe, Your attorneys or any of Your representatives provided to the court or to Mr. Jones or his attorney; any exhibits or evidence submitted to the court; all documents that You, Jane Doe, Your attorneys or any of Your representatives provided to the prosecutor's office; all communications from the prosecutor's office to You or Your representatives; recordings provided to the court or the prosecutor's office; all recordings of interviews or meetings related to the investigation and prosecution of Mr. Jones.

**Request for Production No. 3:** Provide all documents You have related to the Sexual Assault, including all social media posts; all emails; all letters; all notes; all journal or diary entries; all text messages and all recordings.

**Request for Production No. 4:** Provide all documents related to any communications You had with Mr. Jones from June 2021 to the present, including all text messages, all emails, all social media posts or messages; all letters; all voicemails; all notes; all diary or journal entries; and all recordings of any conversations You had with Mr. Jones.

**Request for Production No. 5:** Provide all documents related to communications You had with Mr. Silva from June 2021 to the present, including all text messages, all emails, all social media posts or messages; all letters; all voicemails; all notes; all diary or journal entries; and all recordings of any conversations You had with Mr. Silva.

**Request for Production No. 6:** Provide all documents related to communications You had with Mr. Uhlig from June 2021 to the present, including all text messages, all emails, all social media posts or messages; all letters; all voicemails; all notes; all diary or journal entries; and all recordings of any conversations You had with Mr. Uhlig.

8

**Request for Production No. 7:** Provide all documents related to communications You had with Ms. Devitt from June 2021 to the present, including all text messages, all emails, all social media posts or messages; all letters; all voicemails; all notes; all diary or journal entries; and all recordings of any conversations You had with Ms. Devitt.

**Request for Production No. 8:** Provide all documents related to communications You had with any District employee about Mr. Jones or the Sexual Assault from June 2021 to the present, including all text messages, all emails, all social media posts or messages; all letters; all voicemails; all notes; all diary or journal entries; and all recordings of any conversations You had with any District employee.

**Request for Production No. 9:** Provide all documents related to communications You had with any current or former District student about Mr. Jones or the Sexual Assault from June 2021 to the present, including all text messages, all emails, all social media posts or messages; all letters; all voicemails; all notes; all diary or journal entries; and all recordings of any conversations You had with any former or current District student.

**Request for Production No. 10:** Provide all documents related to communications You had with SRO Jostwick or any CCHS SRO from June 2021 to the present, including all text messages, all emails, all social media posts or messages; all letters; all voicemails; all notes; all diary or journal entries; and all recordings of any conversations You had with SRO Jostwick or any CCHS SRO.

**Request for Production No. 11:** Provide all documents related to communications You had with any police officer or representative of a police department from June 2021 to the present, including all text messages, all emails, all social media posts or messages; all letters; all voicemails; all notes;

9

all diary or journal entries; and all recordings of any conversations You had with any police officer or representative of any police department.

**Request for Production No. 12:** Produce all communications, including but not limited to text messages, social media messages, and emails, between You and anyone other than Your attorney, from August 2020 to the present, regarding the facts that form the basis of the allegations in Your First Amended Complaint.

**Request for Production No. 13:** Produce all communications, including but not limited to text messages, social media messages, and emails, between Jane Roe and anyone other than Your attorney, from August 2020 to the present, regarding the facts that form the basis of the allegations in Your First Amended Complaint.

**Request for Production No. 14:** Produce all records of treatment or diagnosis for all physical, mental, and emotional conditions for which You have been treated since September 2016, five years prior to the date You allege Mr. Jones assaulted You, to the present, including, without limitation, all records from any medical providers, therapists, counselors, psychologists and any psychiatrists.

SEMPLE, FARRINGTON, EVERALL & CASE, P.C.

By: *s/ Holly E. Ortiz*
Mary B. Gray
Holly E. Ortiz
1120 Lincoln Street, Suite 1308
Denver, CO 80203
(303) 595-0941
mgray@semplelaw.com
hortiz@semplelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of October, 2024, a correct copy of the foregoing **DEFENDANTS' FIRST SET OF WRITTEN DISCOVERY TO PLAINTIFF** were served via email on the following:

Laura B. Wolf
Stephen Shaw
Spark Justice Law LLC
3435 S. Inca Street, Suite C-113
Englewood, CO 80110
laura@spark-law.com
steve@spark-law.com

*Attorneys for Plaintiffs*

By: *s/Holly Ortiz*

11