UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

JANE DOE,                           . Case No. 24-cv-00687-NYW-TPO
                                    .
          Plaintiffs,               .
                                    .
vs.                                 . Byron G. Rogers Courthouse
                                    . 1961 Stout Street
CHERRY CREEK SCHOOL DISTRICT,       . Denver, CO   80294
RYAN SILVA, and                     .
KEVIN UHLIG,                        .
                                    .
          Defendants.               .
                                    .
JOHN KELLNER                        .
(18th Judicial District) and        .
GREENWOOD VILLAGE POLICE            .
DEPARTMENT,                         .
                                    .
          Movants.                  .
                                    . March 18, 2025
. . . . . . . . . . . . . . . . . . 1:02 p.m.


**TRANSCRIPT OF PROCEEDINGS HELD BEFORE THE HONORABLE**
**TIMOTHY P. O'HARA, UNITED STATES MAGISTRATE JUDGE**


APPEARANCES:

For the Plaintiff:          Spark Justice Law, LLC
                            By:  Laura Beth Wolf
                            By:  Stephen Richard Shaw
                            3435 South Inca Street
                            Suite C-113
                            Englewood, CO 80110
                            (303) 802-5390

                            ALR Civil Rights, LLC
                            By:  Aurora Lynn Randolph
                            9878 West Belleview Avenue
                            Suite 2129
                            Denver, CO 80123
                            (303) 968-1703

Appearances Continued:

For the Defendant,          Semple Farrington Everall
Cherry Creek School           & Case, P.C.
District, Ryan Silva,       By:  Holly Eileen Ortiz
Kevin Uhlig:                By:  Mary Barham Gray
                            1120 Lincoln Street
                            The Chancery Building
                            Suite 1308
                            Denver, CO 80203
                            (303) 595-0941

For the Movant,             Greenwood Village City
Greenwood Village Police      Attorney's Office
Department:                 By:  Shannon Marie Chambers-
                                 Nelson
                            6060 South Quebec Street
                            Greenwood Village, CO 80111
                            (303) 486-1598

For the Movant,             18th Judicial District
John Kellner:                 Attorney's Office
                            By:  Ann Bronwen Tomsic
                            Appeals Unit
                            6450 South Revere Parkway
                            Centennial, CO 80111
                            (720) 874-8576

Court Recorder:             Clerk's Office
                            U.S. District Court
                            1961 Stout Street
                            Denver, CO  80294

Transcription Service:      AB Litigation Services
                            216 16th Street, Suite 600
                            Denver, CO  80202
                            (303) 296-0017

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

or pink eye.

THE COURT:  Great.  Okay.  Good.

MS. WOLF:  I assume as a child she's had it at some point.

THE COURT:  All right.  Then in the idea of efficiency, I will deny that request, but require Plaintiff to provide a privilege log about any medical records that they have in their possession that they have not disclosed.

MS. ORTIZ:  Okay.

MS. WOLF:  Can we have the same 21 days we've been discussing?

THE COURT:  Sure.  Twenty-one days for that.  That will be, what did we say, April 8th?  April 8th.

MS. WOLF:  Thank you, Your Honor.

MS. ORTIZ:  We do still have the issue of the therapist, the mental health therapy counseling records, as well.

THE COURT:  So same idea, that if there are mental health records that are not going to be disclosed, then there needs to be a reason why they're not going to be disclosed.  That's a different, same idea, a little bit of a different analysis from my perspective.

MS. WOLF:  So I should clarify for Your Honor.

THE COURT:  Sure.

MS. WOLF:  I don't have the therapy notes --

THE COURT:  Okay.

MS. WOLF:  -- and I want to explain why.  I've explained this to opposing counsel.  I'm happy to explain it to you.

My view is that HIPAA and state law are both very clear that psychotherapy notes, which are essentially the therapy notes a therapist takes, are not disclosable to a patient.  They're not subject to disclosure under HIPAA. They are, therefore, not in her possession, custody, or control.  I take the viewpoint in my cases, and I'm happy to say this in open court.  They might think I'm crazy for saying this.  I don't request these records because I think it is so detrimental to the therapist-patient relationship, even for my own client to know that I'm reviewing their records.

THE COURT:  Uh-huh.

MS. WOLF:  And so, absent a court order requiring it, and absent me having full briefing on that issue, which I would request full briefing on that issue, I would not disclose those records.  And the reason is, it's entirely --

THE COURT:  And these are psychotherapy, not psychology or counselor or?

MS. WOLF:  So the term, the definition of psychotherapy notes, as my understanding of it in review, is not based on the identity of whether it's a psychologist or a

THE COURT:  Yeah.

MS. WOLF:  My concern is the psychotherapy notes, based on the fact that those are not within my client's possession, custody, or control, based on an underlying policy reason, that if you interfere with that relationship, especially with an 18-year-old girl, the idea that she'll ever feel safe going to a therapist again is just gone.  And I think that there's other ways to get this information. There's other ways to get this discovery that are not sifting through her therapist's notes.

THE COURT:  Okay.  Then I think it would be premature to decide the issue right now.  The defense's concern is well noted.  And if there is going to be an expert witness on the issue of Plaintiff's mental health condition, then it would seem reasonable that the defense should gain access to some sort of records relating to that same mental health condition by the treating mental health professionals.

With that said, there may be limits to how they are able to get the records.  What I would suggest is that -- well, there's really two ways this could come about.  Either the plaintiff -- or the defense seeks a subpoena, or the defense gets them from the plaintiff.  And I'll let the parties confer on this issue, because the defendant may be getting a subpoena or -- well, this just has to play out a little bit more.

234

you if it's been the first time.  Then we will be in recess.

Thank you very much.

THE COURTROOM CLERK:  All rise.

(Time noted:  5:30 p.m.)

* * * * *

CERTIFICATE

I, RANDEL RAISON, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, to the best of my ability.

_____          April 22, 2025

Randel Raison