**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 24-cv-00687-NYW-TPO

JANE DOE, by and through her guardian and natural parent, JANE ROE,

     Plaintiff,

v.

CHERRY CREEK SCHOOL DISTRICT,
KEVIN UHLIG, in his individual capacity, and
RYAN SILVA, in his individual capacity,

     Defendants.

---

## ORDER

---

This matter is before the Court on Plaintiff's Objection to Magistrate Judge's Order at ECF No. 290 ("Objection"), [Doc. 294],[1] which granted in part and denied in part Defendants' Motion to Compel Plaintiff to Produce Unredacted Medical and Mental Health Treatment Records ("Motion to Compel"), [Doc. 218, filed June 19, 2025]. *See* [Doc. 290]. Defendants did not seek leave to respond to the Objection. *See* Civ. Practice Standard 72.3(d). Upon review, Plaintiff's Objection is respectfully **OVERRULED** for the following reasons.

## BACKGROUND

The background of this case has been discussed in detail in prior orders of the

---

[1] In citing to the docket, the Court refers to the document number and page assigned by the Electronic Court Files ("ECF") system. When citing to transcripts, the Court cites to the ECF docket number and the page and line number from the original transcript for the sake of consistency.

Court, *see, e.g.*, [Doc. 245], and therefore will not be discussed in detail herein.  During the 2021–2022 school year, Plaintiff Jane Doe ("Plaintiff" or "Ms. Doe") was a freshman at Cherry Creek High School ("CCHS") and was sexually assaulted by a fellow freshman, John Jones ("Mr. Jones"), during a visit to Starbucks during a free period.  [Doc. 100 at ¶¶ 12, 14–29].  She initiated this action against Defendants Cherry Creek School District (the "School District"); CCHS Assistant Principal Kevin Uhlig ("Assistant Principal Uhlig"), in his individual capacity; and CCHS Principal Kevin Silva ("Principal Silva"), in his individual capacity (collectively, "Defendants") on March 13, 2024, [Doc. 1], and filed her Second Amended Complaint on November 1, 2024, [Doc. 100].  After the Court's ruling on Defendants' Motion to Dismiss, the following causes of action remain:  a Title IX claim against the School District alleging an official policy of indifference, except to the limited extent it alleges that the School District's alleged deliberate indifference caused Mr. Jones's sexual assault; ("Claim One"); (2) a Title IX claim against the School District alleging deliberate indifference to Plaintiff's report of sexual assault ("Claim Two"); (3) an equal protection claim under 42 U.S.C. § 1983 against the School District ("Claim Three"); and (4) a § 1983 equal protection claim against Principal Silva and Assistant Principal Uhlig ("Claim Four").  For relief, Ms. Doe requests, inter alia, "[a]ll available compensatory, non-economic, consequential, and other damages, including, but not limited to, emotional distress, suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, lost educational opportunities, physical injury, and other pain and suffering on all claims allowed by law in an amount to be determined at trial."  [Doc. 100 at 44].

    ***Request for Production.***  During discovery, on October 21, 2024, Defendants propounded a request for production asking Plaintiff to produce

> all records of treatment or diagnosis for all physical, mental, and emotional
> conditions for which You have been treated since September 2016, five
> years prior to the date You allege Mr. Jones assaulted You, to the present,
> including, without limitation, all records from any medical providers,
> therapists, counselors, psychologists and any psychiatrists.

[Doc. 218 at ¶ 6; Doc. 240 at 2].[2]   Defendants sought unredacted mental health records of statements made by Ms. Doe to treatment providers during the course of her treatment as relevant to her emotional distress claims.  *See generally* [Doc. 218].  Plaintiff objected to this request, arguing among other things that she did not have all of her mental health records in her possession, custody, or control.  [Doc. 240 at 3].

Unable to resolve their differences regarding this and other discovery matters, the Parties appeared before the Honorable Timothy P. O'Hara for a discovery dispute hearing on March 18, 2025.  [Doc. 173].  During that hearing, Plaintiff's counsel asserted that Health Information Portability and Accountability Act ("HIPAA") and state law precluded a patient from accessing her own psychotherapy notes, and that such notes were not in Plaintiff's possession, custody, or control.  [Doc. 240-1 at 195:5–15].  After review of case law, Plaintiff also agreed to provide a signed release to Defendants to include in subpoenas directed at mental health providers.  [Doc. 240 at 4].  To facilitate appropriate document production on the issue, Judge O'Hara anticipated that Plaintiff would produce an "equivalent of a privilege log about information that they have, that they're not disclosing to you, and the reasons why."  [Doc. 240-1 at 189:20–23].  Judge O'Hara also specifically contemplated that Defendants might file a motion to compel if they were

---

[2] Although Defendants cite to Exhibit A for their request for production, Exhibit A actually only reflect interrogatories.  *See* [Doc. 219].  Nevertheless, the Court notes that Plaintiff does not dispute that such request for production was propounded and received.  *See* [Doc. 240 at 2].

dissatisfied by the information provided by Plaintiff, but indicated that he would not be inclined to order production of the full breadth of the request for production. [*Id.* at 190:17–191:4].

By May 20, 2025, Plaintiff had produced medical records and an accompanying privilege log detailing the basis for her redactions. [Doc. 209-2; Doc. 209-3]. This disclosure, however, did not resolve the issue related to Ms. Doe's mental health records, and Judge O'Hara set a Status Conference to address discovery issues for June 23, 2025. [Doc. 211]. Shortly before the Status Conference, Defendants proceeded to file the Motion to Compel on June 19, 2025. [Doc. 218]. As of the time of the June 23, 2025 Status Hearing, Defendants had not served any third-party subpoenas to Ms. Doe's mental health care providers, but indicated that they intended to do so after the Status Conference. [Doc. 240-2 at 3]. The core dispute between the Parties appeared to be which side would issue the subpoenas, and to whom the unredacted documents would be produced. [*Id.*].

The Parties appeared before Judge O'Hara for the Status Hearing on June 23, 2025. [Doc. 227]. Though the Joint Status Report identified "Defendants' New Subpoena Requests for Plaintiff's Medical Records," [Doc. 208 at 6-7], Judge O'Hara did not formally rule on Defendants' Motion to Compel at that time, *see* [Doc. 227]. He did, however, extend the deadline for fact discovery until October 1, 2025. [*Id.* at 2].

On July 15, 2025. Ms. Doe filed a Response to Defendants' Motion to Compel. [Doc. 240]. On August 12, 2025, Defendants filed a Reply. [Doc. 247]. It then remained pending before the Court. On March 16, 2026, Judge O'Hara ordered the Parties to supplement the record to facilitate his ruling and to permit him to conduct an *in camera*

review of the disputed records.  [Doc. 279].  During the March 25, 2026 hearing, Judge O'Hara heard from the Parties regarding subpoenaing third-party mental health providers for unredacted medical records.  [Doc. 293 at 12:1–36:22].  That same day, Judge O'Hara ruled, inter alia, that Plaintiff needed to acquire responsive documents from her treatment providers outside of psychotherapy notes and produce those to Defendants, with redactions and a privilege log if appropriate.  [Doc. 290].  Judge O'Hara also ruled that Defendants could issue a subpoena to mental health providers for psychotherapy notes encompassed by the request for production, but that any return of the subpoena would be to Plaintiff's counsel for initial review before production.  [*Id.*; Doc. 293 at 29:20–34:16]. Defendants objected to the procedure on the record, and counsel indicated, "[w]e will be filing objections."  [Doc. 293 at 35:22].

Judge O'Hara also extended the deadline for the filing of dispositive motions to April 10, 2026.[3]  [Doc. 290].  In so ruling, Judge O'Hara was mindful that any extension to the dispositive motions deadline should be short and could not await the return of the documents from the contemplated subpoenas.  [Doc. 293 at 50:7–51:15].

Defendants did not object to Judge O'Hara's Order dated March 25, 2026.  But Plaintiff filed the instant Objection on April 8, 2026.  [Doc. 294].  She states that she "narrowly objects to the Magistrate Judge's Order to the extent that it appears to authorize Defendants to serve subpoenas on Plaintiff's mental health treatment providers after the close of discovery and/or insofar as it reopens discovery."  [*Id.* at 2].

---

[3] Each side filed a dispositive motion on April 10, 2026.  [Doc. 295; Doc. 298].

**ANALYSIS**

When a magistrate judge issues an order on a non-dispositive matter, "[a] party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* Under this standard of review, a magistrate judge's findings should not be rejected merely because the district court would have decided the matter differently. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985). A district court must affirm a magistrate judge's decision unless "on the entire evidence" the district court "is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quotation omitted).

Plaintiff correctly concedes that "[a] judge is entitled to *sua sponte* reopen discovery or amend a scheduling order." [Doc. 294 at 7]. Indeed, a district court has wide discretion in its regulation of pretrial matters. *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990). Implicit in Judge O'Hara's ruling is a finding that good cause exists to re-open discovery for the purpose of allowing these subpoenas to be served after the discovery deadline,[4] i.e., that Defendants had been diligent in seeking this information and that could not have complied with the discovery deadline that expired before the Court's ruling. And Plaintiff did not raise any challenge to the request for production or subpoenas based on the discovery deadline or object to the production of documents based on untimeliness in response to Judge O'Hara's request for additional information

---

[4] "Good cause" requires the movant to show the "scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

on March 16, 2026, *see* [Doc. 279]—which was already well after the close of discovery on October 1, 2025.  Nor did counsel even mention the deadline for fact discovery at any time during the March 25 Status Conference or argue that Defendants needed to formally reopen discovery to facilitate the service of the subpoenas on Plaintiff's mental health care providers.  *See generally* [Doc. 293].  With this context, it is not surprising that Judge O'Hara did not explicitly set forth the applicable standard for allowing limited discovery beyond the fact discovery deadline and rule expressly to reopen discovery for this limited purpose.  After reviewing the record as a whole, the Court finds no clear error nor does it find Judge O'Hara's Order contrary to law.

Even if this Court were to review the challenged portion of Judge O'Hara's Order de novo, this Court would find good cause to allow these subpoenas to be served out of time based on the record before it.  Defendants clearly raised the issue and preserved it during the discovery period, [Doc. 208 at 6–7; Doc 218].  Further, in her Response to Defendants' Motion to Compel, Plaintiff did not argue that the discovery sought from Plaintiff's mental health care providers should be precluded due to lack of diligence on the part of Defendants.  [Doc. 240].  And while this Court does not understand why this particular issue could not have been resolved absent Court intervention, it is not unreasonable for Defendants to await a ruling from the Court before proceeding.  This Court further does not fault Judge O'Hara's timing in ruling, particularly given the significant amount of discovery-related issues brought by the Parties to the Court in this case, *see, e.g.*, [Doc 46; Doc. 64; Doc. 82; Doc. 102; Doc. 122; Doc. 131; Doc. 173; Doc 176; Doc. 212], and the extraordinary caseload demands placed on the District of

Colorado in 2025:[5]

| COLORADO | U.S. District Court — Judicial Caseload Profile | | | | | |
|---|---|---|---|---|---|---|
| | 12-Month Periods Ending | | | | | |
| | Dec 31 2020 | Dec 31 2021 | Dec 31 2022 | Dec 31 2023 | Dec 31 2024 | Dec 31 2025 |
| **Overall Caseload Statistics** Filings [1] | 4,371 | 4,073 | 3,904 | 4,073 | 4,193 | 4,772 |
| Terminations | 4,072 | 4,137 | 4,064 | 3,990 | 4,082 | 4,081 |
| Pending | 3,947 | 3,841 | 3,655 | 3,744 | 3,864 | 4,551 |
| Percent Change in Total Filings Current Year Over Earlier Year | 9.2 | 17.2 | 22.2 | 17.2 | 13.8 | |

Accordingly, Plaintiff's Objection is respectfully **OVERRULED**.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1)     Plaintiff's Objection to Magistrate Judge's Order at ECF No. 290 [Doc. 294] is **OVERRULED**;

(2)     Judge O'Hara's Order dated March 25, 2026 [Doc. 290] is **AFFIRMED**;

(3)     Plaintiff must request mental health records other than psychotherapy notes from the two identified mental health professionals no later than **April 22, 2026**;

(4)     Defendants must subpoena any psychotherapy records it seeks from the identified mental health professionals no later than **April 22, 2026**, to be returned to Plaintiff's counsel for review;

(5)      The Parties shall **SUBMIT** a Joint Status Report with respect to this particular discovery no later than **April 29, 2026**; and

(6)     Each side shall **BEAR** its own costs and fees associated with the issues

---

[5] *See U.S. District Court — Judicial Caseload Profile*, at 79, available at:
https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile1231.2025.pdf.

presented by Motion to Compel [Doc. 218] and the Objection [Doc. 294].


DATED:  April 15, 2026                     BY THE COURT:

_____
Nina Y. Wang
United States District Judge